# SUPREME COURT OF THE UNITED STATES

AMGEN INC., ET AL. *v.* STEVE HARRIS, ET AL.

ON PETITION FOR WRIT OF CERTIORARI TO THE UNITED
STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

No. 15–278.   Decided January 25, 2016

PER CURIAM.

The Court considers for the second time the Ninth Circuit's determination that respondent stockholders' complaint states a claim against petitioner fiduciaries for breach of the duty of prudence. The first time, the Court vacated and remanded in light of *Fifth Third Bancorp* v. *Dudenhoeffer*, 573 U. S. \_\_\_ (2014), a case which set forth the standards for stating a claim for breach of the duty of prudence against fiduciaries who manage employee stock ownership plans (ESOPs). On remand, the Ninth Circuit reiterated its conclusion that the complaint states such a claim. The Court now reverses and remands.

The stockholders are former employees of Amgen Inc. and its subsidiary Amgen Manufacturing, Limited, who participated in plans that qualified under 29 U. S. C. §1107(d)(3)(A) as eligible individual account plans. Like ESOPs, these plans offer ownership in employer stock as an option to employees. The parties agree that the decision in *Fifth Third* is fully applicable to the plans at issue here. See 788 F. 3d 916, 935 (2014).

All of the plans had holdings in the Amgen Common Stock Fund (composed, unsurprisingly, of Amgen common stock) during the relevant period. The value of Amgen stock fell, and in 2007, the stockholders filed a class action against petitioner fiduciaries alleging that they had breached their fiduciary duties, including the duty of prudence, under the Employee Retirement Income Security Act of 1974 (ERISA), 88 Stat. 829, as amended, 29 U. S. C. §1001 *et seq.* The District Court granted the

fiduciaries' motion to dismiss, and the Ninth Circuit reversed, *Harris* v. *Amgen, Inc.*, 738 F. 3d 1026 (2013). The fiduciaries sought certiorari.

While that petition was pending, this Court issued a decision that concerned the duty of prudence owed by ERISA fiduciaries who administer ESOPs. That decision, *Fifth Third*, held that such ERISA fiduciaries are not entitled to a presumption of prudence but are "subject to the same duty of prudence that applies to ERISA fiduciaries in general, except that they need not diversify the fund's assets." 573 U. S., at ___ (slip op., at 1–2).

Notwithstanding the lack of a presumption of prudence, *Fifth Third* noted that "Congress sought to encourage the creation of" employee stock-ownership plans, *id.,* at ___ (slip op., at 14), a purpose that the decision recognized may come into tension with ERISA's general duty of prudence. Moreover, ESOP fiduciaries confront unique challenges given "the potential for conflict" that arises when fiduciaries are alleged to have imprudently "fail[ed] to act on inside information they had about the value of the employer's stock." *Id.,* at ___ (slip op., at 13). *Fifth Third* therefore laid out standards to help "divide the plausible sheep from the meritless goats," *id.,* at ___ (slip op., at 15):

> "To state a claim for breach of the duty of prudence on the basis of inside information, a plaintiff must plausibly allege an alternative action that the defendant could have taken that would have been consistent with the securities laws and that a prudent fiduciary in the same circumstances would not have viewed as more likely to harm the fund than to help it." *Id.,* at ___ (slip op., at 18).

It further clarified that courts should determine whether the complaint itself states a claim satisfying that liability standard:

> "[L]ower courts faced with such claims should also

consider *whether the complaint has plausibly alleged* that a prudent fiduciary in the defendant's position could not have concluded that stopping purchases— which the market might take as a sign that insider fiduciaries viewed the employer's stock as a bad investment—or publicly disclosing negative information would do more harm than good to the fund by causing a drop in the stock price and a concomitant drop in the value of the stock already held by the fund." *Id.,* at \_\_\_ (slip op., at 20) (emphasis added).

In the matter that is once again before the Court here, following the issuance of *Fifth Third*, the Court granted the fiduciaries' first petition for a writ of certiorari, vacated the judgment, and remanded for further proceedings consistent with that decision. *Amgen Inc.* v. *Harris*, 576 U. S. \_\_\_ (2014). On remand, the Ninth Circuit reversed again the dismissal of the complaint and denied the fiduciaries' petition for rehearing en banc. See 788 F. 3d 916. The fiduciaries once more sought certiorari.

The Court now holds that the Ninth Circuit failed to properly evaluate the complaint. That court explained that its previous opinion (that is, the one it issued before *Fifth Third* was decided) "had already assumed" the standards for ERISA fiduciary liability laid out by this Court in *Fifth Third*. 788 F. 3d, at 940. And it reasoned that the complaint at issue here satisfies those standards because when "the federal securities laws require disclosure of material information," it is "quite plausible" that removing the Amgen Common Stock Fund "from the list of investment options" would not "caus[e] undue harm to plan participants." *Id.,* at 937–938. The Ninth Circuit, however, failed to assess whether the complaint in its current form "has plausibly alleged" that a prudent fiduciary in the same position "could not have concluded" that the alternative action "would do more harm than good."

*Fifth Third*, *supra*, at ___ (slip op., at 20).

The Ninth Circuit's proposition that removing the Amgen Common Stock Fund from the list of investment options was an alternative action that could plausibly have satisfied *Fifth Third*'s standards may be true. If so, the facts and allegations supporting that proposition should appear in the stockholders' complaint. Having examined the complaint, the Court has not found sufficient facts and allegations to state a claim for breach of the duty of prudence.

Although the Ninth Circuit did not correctly apply *Fifth Third*, the stockholders are the masters of their complaint. The Court leaves to the District Court in the first instance whether the stockholders may amend it in order to adequately plead a claim for breach of the duty of prudence guided by the standards provided in *Fifth Third*.

The petition for certiorari is granted. The judgment of the Ninth Circuit is reversed, and the case is remanded for further proceedings consistent with this opinion.

*It is so ordered.*