J-S54011-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| BRUCE A. HASKINS, | |
| Appellee | No. 1389 WDA 2015 |

Appeal from the Order Entered August 25, 2015
In the Court of Common Pleas of Cambria County
Criminal Division at No(s):
CP-11-CR-0000769-2007
CP-11-CR-0000770-2007
CP-11-CR-0001274-2007

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| BRUCE A. HASKINS, | |
| Appellee | No. 1471 WDA 2015 |

Appeal from the Order Entered August 25, 2015
In the Court of Common Pleas of Cambria County
Criminal Division at No(s):
CP-11-CR-0000769-2007
CP-11-CR-0000770-2007
CP-11-CR-0001274-2007

BEFORE: BENDER, P.J.E., OTT, J., and MUSMANNO, J.

MEMORANDUM BY BENDER, P.J.E.:          **FILED SEPTEMBER 09, 2016**

Both the Commonwealth and Bruce A. Haskins, acting *pro se*, have filed appeals from the trial court's August 25, 2015 order modifying a sentence imposed upon Haskins in July of 2008, after he was convicted of rape and related offenses.[1]  After careful review, we vacate that order and relinquish jurisdiction.

The trial court set forth procedural history of this case, as follows:

> On January 17, 2008, Defendant Bruce Allen Haskins pled guilty before the trial court to the following four (4) counts:
>
> (1) Count 5 for Involuntary Deviate Sexual Intercourse (F1) at No. 2007-769;
>
> (2) Count 1 for Rape (F1) at No. 2007-769
>
> (3) Count 1 for Involuntary Deviate Sexual Intercourse (F1) at No. 2007-770; and
>
> (4) Count 1 for Photograph/Sex Acts/Child (F2) at No. 2007-1274.
>
> On July 10, 2008, the trial court sentenced [Haskins] to an aggregate term of imprisonment of 17 to 34 years in a state correctional facility as follows:
>
> (1) 10 to 20 years for Count 5 at No. 2007-769.
>
> (2) 6 to 12 years for Count 1 at No. 2007-769, consecutive to Count 5 at 2007-769
>
> (3) 5 to 10 years for Count 1 at No. 2007-770, concurrent to Count 5 at No. 2007-769.
>
> (4) 1 to 2 years for Count 1 at No. 2007-1274, consecutive to Count 1 at No. 2007-769.

---

[1] This Court *sua sponte* consolidated the Commonwealth's and Haskins' appeals by *per curiam* order entered October 19, 2015.

On October 23, 2014, [Haskins] filed a *pro se* Petition for Post-Conviction Collateral Relief [under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546]. On November 14, 2014, the trial court issued an Order notifying [Haskins] that his PCRA [petition] would be dismissed as untimely pursuant to Pennsylvania Rule of Criminal Procedure 907, unless [Haskins] filed a response within 20 days. On December 3, 2014, [Haskins] filed a "Response to Courts [*sic*] 907 Notice to Dismiss PCRA."

On January 21, 2015, the trial court issued an Order … scheduling [Haskins'] PCRA Hearing for April 13, 2015[,] and appointing counsel to [represent Haskins]. The trial court issued another Order … on January 29, 2015, [re]scheduling [Haskins'] PCRA Hearing for April 13, 2015, but appointing different counsel to [represent Haskins]. On March 13, 2015, the trial court entered an Order … transferring [Haskins] from the state correctional facility for the PCRA Hearing scheduled for April 13, 2015.

On March 25, 2015, [Haskins] filed a *pro se* "Motion to Voluntarily Withdraw PCRA Petition" requesting cancellation of the PCRA Hearing and his transfer and removal of his appointed counsel. [Haskins] subsequently submitted a *pro se* letter on April 6, 2015, inquiring about his Motion and affirming that he did not want to attend the PCRA Hearing. On April 7, 2015, [Haskins'] appointed counsel filed another "Motion to Voluntarily Withdraw PCRA Petition." By an Order … dated April 9, 2015, the trial court granted [Haskins'] Motion and cancelled the PCRA Hearing scheduled for April 13, 2015.

However, the trial court conducted a PCRA Hearing with [Haskins], his appointed counsel, and the Commonwealth present on April 15, 2015. At this Hearing, the trial court granted [Haskins'] request to withdraw his PCRA [petition, yet] modified [Haskins'] sentence from 6 to 12 years to 3 to 12 years for Count 1 at No. 2007-769, consecutive to Count 5 at 2007-769.[2] On April 24, 2015, the Commonwealth filed a "Postsentence [*sic*] Motion pursuant to Rule of Criminal Procedure 721(a)(1)/Motion for Reconsideration." On August

_____

[2] As the court notes later, the April 15, 2015 order - from which the present appeal stems - was not filed until August 25, 2015.

24, 2015, the Clerk of Courts of Cambria County entered an "Order-Denial of Post[-]Sentence Motion by Operation of Law" pursuant to Pennsylvania Rule of Criminal Procedure 720(B)(3)(b).

On September 8, 2015, [Haskins] filed a Notice of Appeal to the Superior Court, appealing the trial court's order dated April 15, 2015 and filed August 25, 2015. On September 23, 2015, the Commonwealth also filed a Notice of Appeal to the Superior Court, appealing the same trial court Order as well as the Clerk of Court's Order by Operation of Law entered on August 24, 2015. The trial court issued an Order … on September 29, 2015, directing both parties to submit Concise Statements of [Errors] Complained of on Appeal … to the trial court.

Trial Court Opinion (TCO), 11/5/15, at 1-3 (citations to the record omitted).

Both the Commonwealth and Appellant timely complied with the court's Rule 1925(b) order, and the trial court issued an opinion on November 5, 2015. Herein, the Commonwealth presents one issue for our review: "Whether the sentencing court erred by modifying [Haskins'] sentence over six years after the original sentencing?" Commonwealth's Brief at 4. Briefly, the Commonwealth asserts that the court erred by *sua sponte* modifying Haskins' sentencing order well beyond the 30-day period in which a court is permitted to do so. **See** Commonwealth's Brief at 8 (citing 42 Pa.C.S. § 5505 (stating that a court has 30 days to modify or rescind any order).

In Haskins' *pro se* brief, he also presents one issue for our review, which we reproduce verbatim: "In light of the recent ruling in **Montgomery v. Louisiana**, 136 S.Ct. 758 (2016), is **Alleyne v. United States**, 133 S.Ct. 2151 (2013) under due process and equal protection clauses of our

- 4 -

state and federal constitutions, and was this PCRA petition mishandled?" Haskins' Brief at ii. Haskins' argument in support of this claim is extremely confusing, but it appears that he is alleging that a mandatory minimum sentence imposed in his case is illegal under *Alleyne*.

We begin by noting that the PCRA petition underlying the present appeal was withdrawn - at Haskins' request - by order entered April 9, 2015. Consequently, "the trial court admits that the [o]rder dated April 9, 2015 should have prevented the subsequent court action in this case." TCO at 4. "Specifically, the PCRA [h]earing held on April 15, 2015 should have never occurred and the record is devoid as to the reasons why said [h]earing proceeded."[3] *Id.* For these reasons, the trial court concedes that its order modifying Haskins' sentence (filed on August 25, 2015) should be vacated. *Id.* at 5.

We agree with the court that the April 9, 2015 order ended (or should have ended) the litigation of Haskins' PCRA petition. Thus, the court erred by conducting the April 15, 2015 hearing. Additionally, in the August 25, 2015 order, the court *again* granted Haskins' request to withdraw his petition, yet nevertheless *sua sponte* modified Haskins' sentencing order filed in July of 2008. We agree with the Commonwealth that under these

---

[3] As the trial court points out, several different judges were involved in the disposition of Appellant's PCRA petition, which may have caused - or at least contributed to - the procedural mishaps in this case. *See* TCO at 1 n.1.

circumstances, the court lacked jurisdiction to modify the 2008 order. *See* 42 Pa.C.S. § 5505; *see also Commonwealth v. Martz*, 926 A.2d 514, 525 (Pa. Super. 2007) (stating that, other than correcting a mistake that is patent or obvious, a "trial court is without jurisdiction to alter or modify [an] order" after 30 days) (citations omitted). Accordingly, we vacate the court's order filed on August 25, 2015.[4]

Before concluding, we note that, in regard to Haskins' claim, once a judgment of sentence becomes final, challenges to the legality of a sentence may only be raised in a timely-filed PCRA petition, or in an untimely PCRA petition where the petitioner pleads and proves the applicability of an exception to the PCRA's one-year time-bar. *See* 42 Pa.C.S. § 9545(b)(1) ("Any petition filed under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves" one of the exceptions set forth in section 9545(b)(1)(i)-(iii)); *Commonwealth v. Fahy*, 737 A.2d 214, 223 (Pa. 1999) (holding that claims challenging the legality of sentence are subject to review within the PCRA, but must first

---

[4] The trial court asks that we remand this case "for the trial court to reinstate the April 9, 2015 Order and vacate the Order … filed August 25, 2015." TCO at 5. Since we are vacating the August 25, 2015 order herein, we need not remand for the trial court to do so. There is also no need to remand for the court to reinstate the April 9, 2015 order granting Haskins' motion to withdraw his petition; that order was never vacated and, consequently, it still stands.

satisfy the PCRA's time limits). Even if Haskins' petition filed on October 23, 2014, had not been withdrawn at his own request, that petition was patently untimely, and Haskins' reliance on **Alleyne** to argue that his sentence is illegal would not meet any exception to the PCRA's timeliness requirement. **See Commonwealth v. Miller**, 102 A.3d 988, 995 (Pa. Super. 2014) (explaining that **Alleyne** does not meet the timeliness exception of section 9545(b)(1)(iii)); **see also Commonwealth v. Washington**, ___ A.3d ___, 2016 WL 3909088 (Pa. filed July 19, 2016) (No. 37 EAP 2015) (holding that **Alleyne** does not apply retroactively to collateral attacks on mandatory minimum sentences).

For these reasons, we vacate the trial court's August 25, 2015 order. While the court did not at any point claim it was vacating Haskins' July 10, 2008 judgment of sentence, we nevertheless note that that sentence remains in effect, as originally imposed.

Order vacated. Jurisdiction relinquished.


Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 9/9/2016