J-S94010-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| HIEP VAN DIEU | |
| Appellant | No. 868 MDA 2016 |

Appeal from the PCRA Order April 28, 2016
In the Court of Common Pleas of Cumberland County
Criminal Division at No(s): CP-21-CR-0001550-2012

BEFORE:  LAZARUS, J., RANSOM, J., and FITZGERALD, J.[*]

JUDGMENT ORDER BY LAZARUS, J.:          **FILED JANUARY 20, 2017**

Hiep Van Dieu appeals from the order entered in the Court of Common Pleas of Cumberland County, dismissing his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.  We affirm on the basis of the opinion authored by the Honorable Albert H. Masland.

On December 12, 2012, Dieu entered a negotiated plea of guilty to one count each of possession with intent to deliver ("PWID") and theft of services.  The charges stemmed from a large-scale marijuana growing operation Dieu ran with his co-defendant, Hung Pham.  Dieu received an agreed-upon mandatory minimum sentence of five years' imprisonment for PWID and an agreed-upon consecutive sentence of one to three years'

_____

[*] Former Justice specially assigned to the Superior Court.

imprisonment, plus restitution, for theft of services. Dieu did not appeal his judgment of sentence. On July 18, 2014, Dieu filed his first *pro se* PCRA petition, which was dismissed as untimely. This Court affirmed the denial of relief. Dieu filed a second PCRA petition, which was also dismissed. His appeal of that order was ultimately withdrawn.

The instant petition, Dieu's third, was filed on February 29, 2016. By order dated April 28, 2016, the PCRA court dismissed the petition as untimely. This appeal follows, in which Dieu asserts that he is entitled to relief under the U.S. Supreme Court's decision in **Alleyne v. U.S.**, 133 S.Ct. 2151 (2013). Dieu claims that, pursuant to **Montgomery v. Louisiana**, 136 S.Ct. 758 (2016), the holding of **Alleyne** is retroactively applicable to cases on collateral review.

We have reviewed the briefs, the record, and the applicable law and conclude that Judge Masland's well-written opinion thoroughly, comprehensively, and correctly disposes of the Dieu's appellate claims. Specifically, we concur with the PCRA court that, under our Supreme Court's decision in **Commonwealth v. Washington**, 142 A.3d 810 (Pa. 2016), **Alleyne** does not apply to cases pending on collateral review and, as such, Dieu is entitled to no relief. Accordingly, we affirm based on Judge Masland's opinion and instruct the parties to attach a copy of that opinion in the event of further proceedings in this matter.

Order affirmed.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>1/20/2017</u>

COMMONWEALTH

V.

HIEP V. DIEU

: IN THE COURT OF COMMON PLEAS OF
: CUMBERLAND COUNTY, PENNSYLVANIA
:
:
:
:
:
: CP-21-CR-1550-2012

## IN RE: OPINION PURSUANT TO PENNSYLVANIA RULE

## OF APPELLATE PROCEDURE 1925

**Masland, J., September 9, 2016:--**

Petitioner, Hiep V. Dieu, appeals this court's order dismissing his third Post Conviction Relief Act (PCRA) petition after Petitioner failed to respond to our proposed dismissal order entered on April 6, 2016. The court ordered Petitioner to file a concise statement of errors as prescribed by Pa.R.A.P. 1925(b) and the court now files this opinion pursuant to Pa.R.A.P. 1925(a). For the following reasons, the Superior Court should deny Petitioner's appeal and affirm this court's order.

## Background

Petitioner entered into a negotiated guilty plea to one count of possession with intent to deliver and one count of theft of services arising from his large-scale marijuana grow operation and the related illegal electricity connection used to power the operation. On the first count, he received an agreed upon mandatory minimum sentence of five years of incarceration in a state correctional institution and a $15,000 fine; on the second, he received an agreed upon consecutive sentence of one to three years of incarceration in a state correctional institution and restitution to PP&L, the power company, in the amount of $100,000, owed jointly and severally with his co-defendant, Hung Pham.[1]

---

[1] In re: Guilty Pleas and Sentencing Proceedings, December 19, 2012 at 6.

Petitioner did not appeal the judgment of sentence. Instead, on July 18, 2014, he filed his first *pro se* PCRA petition arguing that he was illegally sentenced to a mandatory minimum sentence in violation of the relatively recent Supreme Court of the United States decision in *Alleyne v. United States*, 133 S.Ct. 2151 (2013). As a result, the court appointed counsel, Jacob M. Jividen, Esquire, to represent Petitioner. After reviewing Petitioner's claims, counsel petitioned to withdraw his representation and filed a contemporaneous "No-Merit" letter pursuant to *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) and *Commonwealth v. Turner*, 544 A.2d 927 (Pa. Super. 1988).

The court reviewed counsel's letter and, finding it persuasive, granted the petition to withdraw and served notice on the Petitioner of the court's intention to dismiss the PCRA without a hearing.[2] Petitioner filed a *pro se* response to the order trying to rebut the arguments detailed in counsel's "No-Merit" letter. The court was not persuaded and entered an order dismissing the PCRA petition as untimely. Petitioner appealed this order. The Superior Court reviewed Petitioner's original appeal and affirmed this court's decision on September 25, 2015.[3]

While his initial appeal was pending, Petitioner filed a second *pro se* PCRA petition on July 28, 2015. The court appointed counsel, Nathan Wolf, Esquire, to represent Petitioner in this matter. On October 7, 2015, counsel Stacy Wolf, Esquire, petitioned to withdraw her firm's representation of Petitioner and filed a "No-Merit" letter pursuant to the *Finley* and *Turner* decisions. The court reviewed counsel's letter, granted counsel's petition to withdraw, and notified Petitioner of the court's intention to

---

[2] Order of Court, October 29, 2014.
[3] *Commonwealth v. Dieu*, 2015 Pa. Super. Unpub. LEXIS 3494.

dismiss his second PCRA petition.[4] Petitioner was given twenty days to respond to this notice and, following his failure to do so, the court dismissed Petitioner's second PCRA petition.[5] Petitioner filed an appeal of this decision; however he ultimately withdrew and discontinued this appeal on February 17, 2016.

Petitioner almost immediately filed a third PCRA petition on February 29, 2016. On March 7, 2016 the court ordered the Commonwealth to file an answer to this petition.[6] The Commonwealth filed its answer on March 31, 2016. After reviewing Petitioner's third petition and the answer of the Commonwealth, the court found the petition to be untimely, frivolous, and devoid of merit, gave Petitioner notice of the court's intention to dismiss his petition, and granted him twenty days to respond to our proposed dismissal.[7] Petitioner failed to respond and the court dismissed his third PCRA petition.[8] This appeal followed.

## Discussion

Generally, a PCRA petition must be filed within one year of the date the judgment of sentence becomes final. 42 Pa. C.S. §9545(b). This time limitation is subject to three exceptions. The petitioner must allege and prove one of the following:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

---

[4] Order of Court, October 12, 2015.

[5] Order of Court, November 3, 2015

[6] Order of Court, March 7, 2016.

[7] Order of Court, April 6, 2016.

[8] Order of Court, April 28, 2016.

> (iii)    the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii) (emphasis added).

A petition invoking any of these exceptions to the one year limitation must be filed within sixty days of the date that the claim could have been presented. 42 Pa.C.S. § 9545(b)(2). It is well settled that PCRA time restrictions are jurisdictional in nature and bar the court's power to adjudicate controversies or extend filing periods. *Commonwealth v. Robinson*, 139 A.3d 178, 185 (Pa. 2016).

Petitioner's conviction became final on January 18, 2013, giving him until January 18, 2014 to file a PCRA petition. He failed to do so. Instead, he filed his first PCRA petition on July 18, 2014 arguing that his sentence was rendered illegal by the *Alleyne* decision. The Supreme Court decision in *Alleyne* was handed down on June 17, 2013, giving Petitioner until August 13, 2013 to file his PCRA petition. As such, this PCRA petition was filed almost a year too late and our denial of his original, untimely, PCRA petition was affirmed on appeal. The instant petition was filed on February 29, 2016, over two years after Petitioner's initial PCRA time bar and two and a half years after the allowable period to file a PCRA petition following *Alleyne*.

In this, his third PCRA petition, Petitioner attempts to overcome this timeliness issue by claiming that the recent Supreme Court case of *Montgomery v. Louisiana*, 136 S. Ct. 718, (2016) (addressing mandatory life imprisonment without parole for juvenile offenders) applies to his petition and falls under 42 Pa.C.S. § 9545(b)(1)(iii). He claims that the holding in *Montgomery* demonstrates that *Alleyne* created a new and retroactive constitutional right. As *Montgomery* was decided on January 25, 2016

-4-

Petitioner had until March 25, 2016 to file a PCRA petition if *Montgomery* recognized an applicable constitutional right. Unfortunately for Petitioner, *Montgomery* does not address the holding in *Alleyne* and does not grant him additional time to file another PCRA petition.

In *Montgomery* the Court held that "when a new <u>substantive</u> rule of constitutional law controls the outcome of a case, the Constitution requires state collateral review courts to give retroactive effect to that rule." *Montgomery v. Louisiana*, 136 S. Ct. 718, 729 (2016) (emphasis added). It "is undisputed" that there is required "retroactive application of new substantive and watershed procedural rules." *Id.* at 728. However, our Supreme Court has most recently specifically reaffirmed that *Alleyne* does not apply retroactively to cases pending on collateral review. *Commonwealth v. Washington*, No. 37 EAP 2015, 2016 Pa. LEXIS 1536, at *23 (July 19, 2016). The rule announced by *Alleyne* is procedural, not substantive, and it is not a "watershed rule" of criminal procedure that would require retroactive application. *United States v. Reyes*, 755 F.3d 210, 212 (3d Cir. Pa. 2014); *Commonwealth v. Riggle*, 119 A.3d 1058, 1067 (Pa. Super. 2015). The Third Circuit has also clearly held, "*Alleyne* does not provide [the Petitioner] with any basis for relief <u>because the Supreme Court has not chosen to apply *Alleyne's* new rule retroactively to cases on collateral review.</u>" *Reyes*, 755 F.3d at 213 (emphasis added).

The holding in *Montgomery* does not apply to the sentencing issues in *Alleyne* and as 42 Pa.C.S. § 9545(b)(1)(iii) is inapplicable in the instant case, this court had no jurisdiction to address this petition. As Petitioner has again failed to satisfy the

requirements of 42 Pa.C.S. § 9545(b), this court did not err in dismissing his third untimely PCRA petition without a hearing.

For these reasons, this court's order dismissing the PCRA petition should be affirmed by the Superior Court.

By the Court,

Albert H. Masland, J.

Matthew P. Smith, Esquire
Office of the District Attorney

Hiep V. Dieu, KW6880
SCI Benner Township
301 Institution Drive
Bellefonte, PA 16823