NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JAN 9 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| MIKE LAFFEN; KARYN LUSTIG KEELAN; PAUL HIGGINS, on behalf of themselves and all others similarly situated,<br><br>  Plaintiffs-Appellants,<br><br> v.<br><br>HEWLETT-PACKARD COMPANY; HEWLETT-PACKARD COMPANY 401(K) PLAN; CATHERINE A. LESJAK; JOHN N. MCMULLEN; JAMES T. MURRIN; MARC A. LEVINE,<br><br>  Defendants-Appellees. | No.   15-16360<br><br>D.C. No. 3:12-cv-06199-CRB<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Northern District of California
Charles R. Breyer, District Judge, Presiding

Argued and Submitted May 15, 2017
San Francisco, California

Before:  McKEOWN and MURGUIA, Circuit Judges, and RUFE,** District Judge.

This appeal arises out of Hewlett-Packard Company's ("HP") failed

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The Honorable Cynthia M. Rufe, United States District Judge for the Eastern District of Pennsylvania, sitting by designation.

acquisition of Autonomy Corporation Plc ("Autonomy"), a British software company. Plaintiffs-Appellants Mike Laffen, Karyn Lustig Keelan, and Paul Higgins (collectively "Laffen") initiated this class action on behalf of current and former HP employees who participated in HP's 401(k) Savings Plan (the "Plan") and whose accounts purchased or held HP Common Stock Fund at any time between October 3, 2011 and November 21, 2012. Defendants-Appellees—who are the Plan's fiduciaries—allegedly breached their fiduciary duties by permitting the Plan and Plan participants to purchase and hold HP common stock when the stock was artificially inflated and was an imprudent investment for the Plan, purportedly in violation of section 404(a) of the Employee Retirement Income Security Act, 29 U.S.C. § 1104(a) ("ERISA"). Laffen appeals from the district court's dismissal, with prejudice, of the Second Amended Complaint ("SAC"). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

1. We assume all factual allegations in the complaint are true and view them in the light most favorable to Laffen. *Skilstaf, Inc. v. CVS Caremark Corp.*, 669 F.3d 1005, 1014 (9th Cir. 2012). Laffen maintains that HP acquired Autonomy without doing almost any due diligence. Shortly after the acquisition, Laffen asserts that HP: (1) learned about Autonomy's accounting practices which inflated the company's revenues; (2) realized that it overpaid for Autonomy; and (3) covered up this information.

Reviewing *de novo*, *Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005), we conclude that Laffen's theory that HP concealed that it knew about Autonomy's allegedly questionable accounting practices which led HP to report inflated revenues and overpay for Autonomy is implausible because this theory is inconsistent with the overall complaint and Defendants-Appellees offer a convincing alternative explanation. *See Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011) ("Plaintiff's complaint may be dismissed only when defendant's plausible alternative explanation is so convincing that plaintiff's explanation is *im*plausible."). The SAC alleges that Defendants-Appellees hid knowledge about Autonomy's inflated value until a whistleblower forced Defendants-Appellees to investigate and disclose it. But the information the whistleblower divulged is not the same information Defendants-Appellees supposedly concealed. The whistleblower informed HP that Autonomy committed fraud by inflating its revenue through bundled hardware sales and phony sales to resellers—not that the different accounting standards would impair Autonomy's value once HP adjusted Autonomy's revenue to conform to the Generally Accepted Accounting Principles (GAAP) standard. Therefore, Laffen's concealment theory is inconsistent with the complaint because the information Defendants-Appellees allegedly concealed is not the same information that forced HP to reduce Autonomy's valuation and hurt the value of HP stock.

3

Moreover, HP did disclose declines in revenue in its quarterly SEC filings, and there are no facts in the SAC suggesting that HP knew of additional problems (such as fraud or broader accounting improprieties) before the whistleblower came forward. Put differently, HP had no reason to investigate issues it was not aware of, or to disclose fraud that it had not yet discovered. That HP launched a full investigation after the whistleblower emerged further renders any claim that HP attempted to conceal problems at Autonomy implausible, as HP acted diligently when it gained actual knowledge of fraud.

Accordingly, the SAC failed to plead a plausible set of particular facts to support the concealment theory. *See Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1126 (9th Cir. 2009) ("[T]he Rule 9(b) requirement that the circumstances of the fraud must be stated with particularity is a federally imposed rule.") (citation and internal quotation marks omitted); *see also Starr*, 652 F.3d at 1216.

2. Laffen also contends that pursuant to Defendants-Appellees' duty of prudence, Defendants-Appellees should have at least prevented the Plan from making new investments in HP Common Stock Fund and/or made public disclosures about HP stock's risks following the whistleblower's allegations. But a prudent fiduciary in the same circumstances as Defendants-Appellees could view Laffen's proposed alternative course of action as likely to cause more harm than good without first conducting a proper investigation. *See Fifth Third Bancorp v.*

*Dudenhoeffer*, 134 S. Ct. 2459, 2472 (2014) ("To state a claim for breach of the duty of prudence on the basis of inside information, a plaintiff must plausibly allege an alternative action that the defendant could have taken that would have been consistent with the securities laws and that a prudent fiduciary in the same circumstances would not have viewed as more likely to harm the fund than to help it."). Laffen's proposed alternative faults Defendants-Appellees for first investigating the whistleblower's allegations before taking action, but a prudent fiduciary must first investigate problems before acting. *See Howard v. Shay*, 100 F.3d 1484, 1488 (9th Cir. 1996) (reiterating that courts review an investigation's thoroughness when fiduciaries are alleged to have breached their duties of "care, skill, prudence, and diligence") (quoting 29 U.S.C. § 1104(a)(1)(B)). Because Laffen has not plausibly alleged an alternative action Defendants-Appellees could have taken that was consistent with securities laws and that a similarly situated prudent fiduciary would not have viewed as more likely to harm than help the Plan, Laffen fails to plead a claim for breach of the duty of prudence. *See Amgen, Inc. v. Harris*, 136 S. Ct. 758, 759–60 (2016) (applying *Fifth Third Bancorp* and explaining that courts must assess whether a complaint "has plausibly alleged that a prudent fiduciary in the same position could not have concluded that the alternative action would do more harm than good.") (citation and internal quotation marks omitted).

**AFFIRMED.**