NOT DESIGNATED FOR PUBLICATION

No. 122,884

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

LANCE JOSEPH HERRMAN,
*Appellant*.

MEMORANDUM OPINION

Appeal from Ellis District Court; BLAKE A. BITTEL, judge. Opinion filed February 25, 2022. Sentence vacated and case remanded with directions.

*Korey A. Kaul*, of Kansas Appellate Defender Office, for appellant.

*Jodi Litfin*, assistant solicitor general, and *Derek Schmidt*, attorney general, for appellee.

Before ATCHESON, P.J., HILL and GARDNER, JJ.

PER CURIAM:  The question presented in this appeal is whether Lance Joseph Herrman's criminal threat conviction was properly included in his criminal history score when he was sentenced for a drug crime. Given this record on appeal, we cannot answer that question definitively. Therefore, we vacate Herrman's sentence and remand this case for resentencing so the district court can decide whether Herrman's criminal threat conviction can be validly included in his criminal history score.

1

In March 2020, Herrman pled guilty to possession of methamphetamine. In the presentence investigation report used for sentencing, Herrman's 2015 criminal threat conviction was listed as violating K.S.A. 21-5415. The criminal threat violation was Herrman's only person felony conviction and its inclusion brought his criminal history score to C. At sentencing, Herrman did not object to his criminal history score. Based on this criminal history score, the trial court sentenced Herrman to 30 months in prison. Herrman filed a timely notice of appeal on the theory that the State had not proved his criminal history by a preponderance of the evidence.

*The Supreme Court strikes down a portion of the criminal threat statute.*

When Herrman was convicted of making a criminal threat in 2015, there were two ways to commit the crime: intentionally or recklessly. A few months before Herrman's drug conviction here, the Kansas Supreme Court held in *State v. Boettger*, 310 Kan. 800, 801, 450 P.3d 805 (2019), *cert. denied* 140 S. Ct. 1956 (2020), that the "reckless disregard" portion of K.S.A. 2018 Supp. 21-5415 is unconstitutionally overbroad. Thus, convictions for recklessly making criminal threats are void since that portion of the statute violates the United States Constitution.

This means that if Herrman's criminal threat conviction was for recklessly making a criminal threat, it cannot be used in computing his criminal history score in this case. If his conviction was for making an intentional criminal threat, then it can properly be used to compute his criminal history score.

The law is well settled on what prior convictions may be validly used to decide an offender's criminal history score. When a criminal history score is made by including a crime defined by an unconstitutional statute, the resulting sentence is illegal. See K.S.A. 2020 Supp. 21-6810(d)(9). Here, Herrman's PSI report did not reveal if the criminal threat violation listed in his criminal history stemmed from the unconstitutional reckless

2

disregard version of the crime. When a defendant's criminal history has not been proved by a preponderance of the evidence, it is proper to remand the case to give the State the opportunity to meet its burden of proof. See *State v. Obregon*, 309 Kan. 1267, 1275, 444 P.3d 331 (2019). Usually, when a defendant does not object to the criminal history portion of the PSI report, that history is accepted as being proved by the necessary standard. See K.S.A. 2020 Supp. 21-6814. But more is required when the PSI report does not specify what version of the criminal offense was committed, even when the defendant does not object to the criminal history. *Obregon*, 309 Kan. at 1275. We find *Obregon*'s ruling persuasive here. While *Obregon* had to deal with out-of-state convictions, we do not think in-state convictions should be treated differently when a Kansas statute has been declared unconstitutional.

The defendant in *Obregon* had a criminal history score derived from crimes the defendant committed in Florida. The Florida statute contained two ways to commit the offense—one of which lacked a comparable Kansas offense. Obregon's PSI report did not show which version of the Florida statute he was convicted of violating. Obregon did not object to his criminal history at sentencing. The *Obregon* court established that it is the State's burden to determine which version of an out-of-state crime the defendant committed "to establish that the defendant committed a version of the offense supporting the person classification," regardless of an objection by the defendant. 309 Kan. at 1275.

We are not the first to rule in this way. Other panels of this court have remanded several cases based on the same issue that Herrman raises here. See *State v. Herrera*, No. 122,767, 2021 WL 4693103, at *2 (Kan. App. 2021) (unpublished opinion); *State v. Grant-Adams*, No. 121,833, 2021 WL 2603344, at *12 (Kan. App. 2021) (unpublished opinion); *State v. Anderson*, No. 121,640, 2020 WL 6371059, at *4-5 (Kan. App. 2020) (unpublished opinion); *State v. McKoy*, No. 121,636, 2020 WL 5739730, at *3 (Kan. App. 2020) (unpublished opinion); *State v. Arnold*, No. 121,542, 2020 WL 5740900, at *2 (Kan. App. 2020) (unpublished opinion). In all of these cases, the defendants asked for

3

a remand of their sentences based on an ambiguous criminal threat charge used to determine his criminal history score.

Further, these cases held that "there needed to be proof of whether the defendant was convicted of intentional, not reckless, criminal threat" for the criminal threat charge to be properly included in a criminal history. *State v. Beltran*, No. 121,200, 2020 WL 7409937, at *3 (Kan. App. 2020) (unpublished opinion). We have the same situation here.

Similar facts should yield similar legal rulings. Because the PSI report here is ambiguous, the State has not met its burden to prove Herrman's criminal history score.

The State argues that since K.S.A. 2018 Supp. 21-5415 became unconstitutional before he was sentenced, Herrman should have objected to his criminal history score when he was sentenced, and he cannot do so now. By arguing this way, the State is inviting us to ignore K.S.A. 2020 Supp. 21-6810(d)(9), that directs, "[p]rior convictions of a crime defined by a statute that has since been determined unconstitutional by an appellate court shall not be used for criminal history scoring purposes." We choose to decline the invitation. The Legislature has made it clear, such convictions are not to be included in a criminal history score.

Also, it appears that the factual premise of the State's argument is incorrect. Although the court's opinion in *Boettger* was released on October 25, 2019, the mandate did not issue until June 23, 2020, after the United States Supreme Court denied the State's request for review. The Kansas Supreme Court was required to stay the mandate while the State sought review by the United States Supreme Court. See K.S.A. 2020 Supp. 22-3605(b). The *Boettger* decision did not become final and, thus, was not binding authority until the mandate was issued. See *State v. McAlister*, 310 Kan. 86, 87, 444 P.3d 923 (2019); *State v. Holt*, 298 Kan. 469, 475-76, 313 P.3d 826 (2013). The district court

4

sentenced Herrman on April 8, 2020. At that point, Herrman had no conclusive argument against the inclusion of his earlier conviction for criminal threat in his criminal history precisely because the *Boettger* ruling was not final. This chronology makes Herrman's case one of a very small number of cases.

The timing of the *Boettger* ruling is important. Our research reveals that this court has denied granting remand on the criminal threat argument only when the sentencing took place and any direct appeal had been concluded before *Boettger* was decided. See *State v. Louis*, 59 Kan. App. 2d 14, 27, 476 P.3d 837 (2020). This is not the situation here. This court did not question the timing in *Herrera* that looked much like the case here, see 2021 WL 4693103, nor did this court have any problems with timing in the other several criminal threat cases cited above. It is the State's burden to prove criminal history for sentencing.

We think this case differs from *State v. Roberts*, 314 Kan. 316, 498 P.3d 725 (2021). In *Roberts*, the defendant argued his sentence was illegal because the State had not proven he had properly waived his right to counsel in all the misdemeanor convictions used to determine his criminal history score. The presumption of validity forced the court to reject Roberts' claims. See 314 Kan. 316, Syl. ¶¶ 5-6. The court refused to impose an onerous burden upon the State of proving whether the misdemeanor convictions were uncounseled.

In *Roberts*, there was no question of what prior crimes Roberts was convicted of. Here, there is a real question of which type of criminal threat Herrman made. This distinction is important. Roberts admitted his criminal history was correct. Here, the court asked Herrman, "Do you have any objection to the criminal history or any other part of that presentence investigation report that you reviewed?" Herrman said, "No." Herrman did not admit his criminal history—he merely failed to object to his criminal history— just as Obregon did. Therefore, we find *Obregon* persuasive. We impose no onerous

5

burden on the State here. Simply put, the question is, was Herrman's criminal threat made intentionally or recklessly? A new presentence investigation report can answer that question.

The sentencing court used a PSI report that links Herrman's criminal history score with a statute deemed partially unconstitutional. Because a criminal history score was made based on an unconstitutional statute that is illegal, it becomes critical to determine what part of that statute Herrman's criminal threat charge is tied to. See K.S.A. 2020 Supp. 21-6810(d)(9). The burden of making this determination falls to the State.

We vacate Herrman's sentence and remand the case for resentencing, directing the district court to order a new presentence investigation report.

\* \* \*

GARDNER, J., dissenting: I respectfully dissent. The sole issue briefed by the defendant alleges error "because the State failed to prove that his prior criminal threat conviction was constitutionally valid." The issue is thus who has the burden of proof of criminal histories in the presentence investigation (PSI) report. The Kansas Supreme Court recently addressed that issue in two cases that support the State's position: *State v. Corby*, 314 Kan. 794, 502 P.3d 111 (2022), and *State v. Roberts*, 314 Kan. 316, 498 P.3d 725 (2021).

*Corby* held: "A defendant's admission to prior in-state criminal history as set forth in a [PSI] report relieves the State from having to produce additional evidence to support a criminal history score." 314 Kan. 794, Syl. Herrman stated he did not object to his in-state criminal history in his PSI report.

*Roberts* held that

6

"a defendant who fails to object under K.S.A. 2020 Supp. 21-6814(c) at sentencing to the constitutional validity of a prior conviction used to enhance a current sentence, based on a claim of the absence of counsel without a valid waiver, has the burden to show the prior conviction is invalid, regardless of whether the defendant's constitutional challenge to the allegedly uncounseled conviction in criminal history is brought on direct appeal of the current sentence or in a proceeding collaterally attacking that sentence." 314 Kan. at 334-35.

As relevant here, *Corby* found that although parties cannot agree to an illegal sentence, Corby did not claim he had done so—"he claimed he agreed to a sentence that *might be* illegal. Corby is free to challenge his sentence as illegal without being held to his admission. He has not done so." 314 Kan. at 798. The Supreme Court rejected Corby's argument that *Obregon* should apply. The same is true here—Herrman does not claim that he was sentenced illegally. He does not argue or point to any evidence showing that his prior conviction was not for an intentional threat or that his criminal history was incorrect. Rather, he claims that his criminal history might be incorrect.

In *Corby* and in *Roberts*, the defendants personally admitted their criminal histories. That made it simple for the court to find that the first scenario of K.S.A. 2020 Supp. 21-6814(a) applied: "The offender's criminal history shall be admitted in open court by the offender or determined by a preponderance of the evidence at the sentencing hearing by the sentencing judge." But as detailed below, the statutory procedure relating to the burden of proving criminal histories shows that an admission is sufficient, yet not necessary, to relieve the State from its burden of proof. Stating one does not object to the PSI report is enough.

Here, as perhaps in most cases, the defendant simply replied that he did not object to the criminal history, when asked by the judge. Although Herrman's response is not a personal admission as made by defendants in *Corby* and *Roberts*, this makes no difference to the burden of proof according to K.S.A. 2020 Supp. 21-6814. Subsection (b)

7

states that "except to the extent disputed in accordance with subsection (c)," the PSI report "shall satisfy the State's burden of proof regarding an offender's criminal history." K.S.A. 2020 Supp. 21-6814(b). Under subsection (c) the offender has the duty to immediately give the district attorney and the court "written notice of any error in the proposed criminal history worksheet" and to "specify the exact nature of the alleged error." K.S.A. 2020 Supp. 21-6814(c). It then becomes the State's "burden of proving the disputed portion of the offender's criminal history." K.S.A. 2020 Supp. 21-6814(c).

Herrman did not dispute his criminal history in accordance with subsection (c). Under this statute, a defendant's failure to object to a PSI report constitutes, or has the same effect as, an "admission" under K.S.A. 2020 Supp. 21-6814(a), which relieves the State from its burden of proof. Herrman's criminal history was thus established at sentencing by his stating that he did not object to the PSI report.

*Roberts* noted other cases in which the defendants failed to make the required objection under K.S.A. 2020 Supp. 21-6814(c) to the constitutional validity of the prior conviction used to enhance a current sentence. It then found that when a defendant fails to make the objection outlined by that statute, a presumption of regularity attaches to the judgment:

> "Absent an objection under our state procedural statute setting forth the burden of proof in establishing criminal history, we necessarily hold a presumption of regularity attaches to a final judgment entered in a prior case and the defendant bears the burden of producing evidence to rebut that presumption. See *Parke*, 506 U.S. at 31-32 (holding that since presumption of regularity attached to final judgments, it is appropriate to assign proof burden to the defendant, even when collateral attack on final conviction is based on constitutional grounds)." 314 Kan. at 335.

Because Herrman failed to object to his criminal history at or before sentencing in accordance with the procedures set out in K.S.A. 2020 Supp. 21-6814, his sentence

8

carries a presumption of regularity, per *Roberts*, and the State is relieved of its burden to produce evidence other than the PSI report to support his criminal history score, per *Corby*.

The practical effect of the majority's ruling here, when a defendant states "no objection" to the criminal history at sentencing, is to make the State refute whatever later challenge the defendant raises to a prior crime listed on the PSI report. But that contradicts what K.S.A. 2020 Supp. 21-6814 says must happen. Rather, "[i]f the offender later challenges such offender's criminal history, which has been previously established, the burden of proof shall shift to the offender to prove such offender's criminal history by a preponderance of the evidence." K.S.A. 2020 Supp. 21-6814(c). Herrman has the burden now, but he fails to allege, let alone show, that his threat was reckless, rather than intentional, so as to have been unconstitutional under *Boettger*.

True, *Boettger* was decided in October 2019 and Herrman was sentenced in April 2020. At the time of his sentencing, a petition in *Boettger* for a writ of certiorari by the State was pending with the United States Supreme Court. That petition was denied in June 2020. But making a *Boettger* objection when Herrman was sentenced would not have been futile.

Kansas Court of Appeals decisions are not binding when a petition for review is pending. See Supreme Court Rule 8.03(k)(1) (2022 Kan. S. Ct. R. at 54). But I find no comparable rule or law saying that Kansas Supreme Court decisions are not binding on lower Kansas courts when a petition for writ of certiorari is pending. To the contrary, our court has followed the reasoning of Kansas Supreme Court cases even when a writ of certiorari was pending. See, e.g., *Hernandez v. Secretary of Corrections*, No. 119,838, 2019 WL 6646416, at *3 (Kan. App. 2019) (unpublished opinion) ("A statute or regulation is constitutionally overbroad if it contains a prohibition that extends to a substantial amount of speech or conduct protected under the First Amendment. See

9

*Grayned v. City of Rockford*, 408 U.S. 104, 114-15, 92 S. Ct. 2294, 33 L. Ed. 2d 222 [1972]; *State v. Boettger*, 310 Kan. [800], 450 P.3d 805, 808 [2019]."); *State v. Ewing*, No. 113,535, 2016 WL 1298018, at *1 (Kan. App. 2016) (unpublished opinion) (following the reasoning in *State v. Dickey*, 301 Kan. 1018, 350 P.3d 1054 [2015], *writ of cert. filed* September 17, 2015). We should not expect district courts to do differently.

And even before a decision is final and is precedential authority, it is persuasive authority. Under Kansas court rules, the timely filing of a petition for review stays the issuance of the mandate of the Court of Appeals, and until the Supreme Court's determination on the petition for review the Court of Appeals' opinion is not binding. See Rule 8.03. Yet the same Rule provides that anyone may cite that Court of Appeals opinion "for persuasive authority before the mandate has issued" by noting that the case is not final and may be subject to review. Rule 8.03(k)(1) (2022 Kan. S. Ct. R. at 61). By analogy, even if the filing of a petition for a writ of certiorari may defeat the precedential nature of a Kansas Supreme Court case during its pendency, it does not defeat its persuasive authority.

The Rules of the United States Supreme Court do not appear to cover this issue. But the federal courts recognize the precedential effect of their decisions even after a petition for writ of certiorari is filed. See, e.g., *United States v. Castro*, 750 Fed. Appx. 363, 364 (5th Cir. 2018) (unpublished opinion) ("Even where the Supreme Court has granted certiorari, this court is bound by its own precedent, unless and until that precedent is altered by a decision of the Supreme Court. See *Wicker v. McCotter*, 798 F.2d 155, 157-58 [5th Cir. 1986]."); see also *Yong v. I.N.S.*, 208 F.3d 1116, 1119 n.2 (9th Cir. 2000) (The default rule [at least in the Ninth Circuit Court of Appeals] is that "once a federal circuit court issues a decision, the district courts within that circuit are bound to follow it and have no authority to await a ruling by the Supreme Court before applying the circuit court's decision as binding authority."); *Durham v. Prudential Ins. Co. of Am.*, 236 F. Supp. 3d 1140, 1147 (C.D. Cal. 2017) ("[A] stay of proceedings pending Supreme

Court review does not normally affect the precedential value of the circuit court's opinion."). *Boettger* was thus at least persuasive authority, if not binding authority, on the date Herrman was sentenced, and Herrman had no reason not to object if he was sentenced unconstitutionally under *Boettger*.

But even if *Boettger* were not a final decision until the mandate issued after the Supreme Court's denial of the petition for writ of certiorari, finality is not necessary here. Finality is important when the law requires a final judgment for some purpose, such as triggering a statute of limitations or determining the res judicata effect of a prior case. But the *Boettger* decision did not need to be final for that case to serve as a valid basis for Herrman to object to his criminal history, if he was, in fact, convicted of making a reckless threat instead of an intentional one. Under these circumstances, I would affirm.

11